1  William A. Hanssen (Bar No. 110613)
   Suzanne V. Stouder (Bar No. 161077)
2  DRINKER BIDDLE & REATH LLP
   333 South Grand Avenue, Suite 1700
3  Los Angeles, CA 90071-1504
   Telephone: (213) 253-2300
4  Facsimile: (213) 253-2301
5
6  Attorneys for Defendant
   THE LINCOLN NATIONAL LIFE
7  INSURANCE COMPANY

8              UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10            EASTERN DIVISION - RIVERSIDE
11

| 12 13 | MUTUAL CREDIT CORPORATION AND SPURLING GROUP II, LLC, | Case No.: CV 09-05215-SGL (OPx) Hon. Stephen G. Larson |
|---|---|---|
| 14 15 | Plaintiffs, | Complaint Filed July 17, 2009 **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S** |
| 16 | vs. | **NOTICE OF MOTION AND MOTION TO DISMISS;** |
| 17 18 | THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 19 20 | Defendant. | [Declaration of James S. Bainbridge; [Proposed] Order filed concurrently herewith] |
| 21 22 | | Hearing Date: November 23, 2009 Time:              10:00 a.m. Courtroom:    1 |
| 23 | | |

24
25
26
27
28

LA01/ 332523.1                                1

1

2

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION.........................................................................................................1

II.   STATEMENT OF FACTS ..........................................................................................2

III.  ARGUMENT ..............................................................................................................4

     A.    The Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ........................................................................................................4

          1.    MCC Does Not Have Standing To Assert The Claims In The FAC...............................................................................................5

          2.    Count Four Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted Inasmuch As The Claims Asserted In Count Four Are Barred By The Litigation Privilege Under California Civil Code § 47(b) .....................................................6

          3.    Count Five Must Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted Inasmuch As The Claims Asserted In Count Five Are Barred By The Litigation Privilege Under California Civil Code § 47(b) .....................................................9

          4.    Count Five Must Be Dismissed As It Pertains To Spurling For Failure To State A Claim Upon Which Relief Can Be Granted Inasmuch As Spurling Is Not Permitted To File Suit Under California's Unfair Competition Law ..................................................10

          5.    All Claims Asserted By Spurling Must Be Dismissed As Spurling Has Failed To Allege That It Has The Capacity To Sue In California ...............................................................................11

          6.    The Declaratory Judgment Claim Must Be Dismissed For Failure To Name The Trust As A Party.............................................12

IV.  CONCLUSION ........................................................................................................12

1

# TABLE OF AUTHORITIES

2

3                                                                                          **Page**

4  **Cases**

5  *Albers v. Guthy-Renker Corp.,*
   92 Fed. Appx. 497 (9th Cir. Cal. 2004) ....................................................11

6
7  *Bell Atl. Corp. v. Twombly,*
   127 S. Ct. 1955 (2007) ...............................................................................5

8  *Diamond Multimedia Systems, Inc. v. Superior Court,*
   19 Cal. 4th 1036 (1999) .............................................................................10

9
10 *Foley v. Interactive Data Corp.,*
   47 Cal. 3d 654(1988)...................................................................................7

11 *Gallegos v. The Pacific Lumber Co.,*
   2008 Cal. App. LEXIS 32 (2008, 1st Dist)..................................................9

12
13 *Greco v. Oregon Mut. Fire Ins. Co.,*
   191 Cal. App. 2d 674, (4th Dist. 1961).......................................................5

14 *Ivey v. Bd. of Regents of the Univ. of Alaska,*
   673 F.2d 266 (9th Cir. 1982).......................................................................5

15
   *Killian v. Millard,* 228 Cal. App. 3d 1601 (Cal. Ct. App. 1991) ...............5

16
17 *North Star Int'l v. Arizona Corp. Comm'n,*
   720 F.2d 578 (9th Cir. 1983)........................................................................5

18 *Norwest Mortgage, Inc. v. Superior Court,*
   72 Cal. App. 4th 214 (1999) ......................................................................10

19
20 *PPG Indus. v. Transamerica Ins. Co.,*
   20 Cal. 4th 310 (Cal. 1999).........................................................................7

21 *Personnel Com. v. Barstow Unified School Dist.,*
   43 Cal. App. 4th 871 (Cal. Ct. App. 1996) .................................................5

22
23 *Robertson v. Dean Witter Reynolds, Inc.*
   749 F.2d 530 (9th Cir. 1984) ...................................................................4, 5

24 *Silberg v. Anderson,*
   50 Cal. 3d 205 (1990)..............................................................................7, 8

25
26 *Speyer v. Avis Rent a Car Sys.,*
   415 F. Supp. 2d 1090 (S.D. Cal. 2005)......................................................10

27 *Standfacts Credit Servs., Inc. v. Experian Info. Solutions, Inc.,*
   405 F. Supp. 2d 1141 (C.D. Cal. 2005) .....................................................10

28 *Taylor v. Quall,*
   458 F. Supp. 2d 1065 (C.D. Cal. 2006) .......................................................9

1

## TABLE OF AUTHORITIES

2

3                                                                              **Page**

*White v. Allstate Ins. Co.,*
  1996 U.S. App. LEXIS 27462 (9th Cir. Cal. Oct. 18, 1996) .................................7, 8

**Statutes**

California *Code of Civil Procedure § 47(b)*......................................................2, 6, 7, 8, 9, 10

California *Code of Civil Procedure* § 367 ............................................................................6

8

9   **Other Authorities**

California *Bus. & Prof. Code* § 17200 .........................................................................9, 10

Cal. Corp. Code § 17456(a) .......................................................................................11, 12

12

13  **Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................4, 5

Fed. R. Civ. P. 17(b).........................................................................................................11

Federal Rule of Civil Procedure Rule 19(a) ......................................................................12

1  William A. Hanssen (Bar No. 110613)
2  Suzanne V. Stouder (Bar No. 161077)
   DRINKER BIDDLE & REATH LLP
3  333 South Grand Avenue, Suite 1700
   Los Angeles, CA 90071-1504
4  Telephone: (213) 253-2300
   Facsimile: (213) 253-2301
5
6  Attorneys for Defendant
   THE LINCOLN NATIONAL LIFE
7  INSURANCE COMPANY

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION - RIVERSIDE

11

| 12<br>13  MUTUAL CREDIT CORPORATION<br>AND SPURLING GROUP II, LLC, | Case No.: CV 09-05215-SGL (OPx)<br>Hon. Stephen G. Larson |
|---|---|
| 14 | Complaint Filed July 17, 2009 |
| 15  Plaintiffs, | **THE LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY'S** |
| 16  vs. | **NOTICE OF MOTION AND<br>MOTION TO DISMISS;** |
| 17  THE LINCOLN NATIONAL LIFE | **MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT** |
| 18  INSURANCE COMPANY, | **THEREOF** |
| 19  Defendant. | [Declaration of James S. Bainbridge;<br>[Proposed] Order filed concurrently |
| 20 | herewith] |
| 21 | |
| 22 | Hearing Date: November 23, 2009<br>Time:          10:00 a.m.<br>Courtroom:    1 |
| 23 | |

24

25

26          TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

27          PLEASE TAKE NOTICE THAT on November 23, 2009 at 10:00 a.m., or as

28  soon thereafter as this matter may be heard before the Honorable Stephen G. Larson

LA01/ 332523.1                                  1

1  in Courtroom 1 of the above-entitled Court, located at 3470 Twelfth St., Riverside,
2  California 92501

3        Defendant The Lincoln National Life Insurance Company ("Lincoln") will
4  and hereby does move this Court for an order dismissing with prejudice Counts
5  Three, Four and Five of Plaintiffs Mutual Credit Corporation and Spurling Group II,
6  LLC's First Amended Complaint (the "FAC"); dismissing with prejudice all claims
7  asserted by Plaintiff Mutual Credit Corporation contained within the FAC; and
8  dismissing with prejudice all claims asserted by Plaintiff Spurling Group II, LLC
9  contained within the FAC.  This motion is made pursuant to Federal Rule of Civil
10  Procedure 12(b)(6) on the grounds that Plaintiffs have failed to state a claim upon
11  which relief can be granted and other grounds as set forth in this motion.

12        This motion is based on this Notice and Motion, the accompanying
13  Memorandum of Points and Authorities, the Declaration of James S. Bainbridge, the
14  pleadings, records and files in this action, any reply papers which may be filed, and
15  upon such other and further evidence and argument as may properly be presented
16  prior to and at the hearing of the motion.

17

18  Dated: October 13, 2009                    DRINKER BIDDLE & REATH LLP

19                              By:    _Suzanne V. Stouder_
20                                     William A. Hanssen
                                       Suzanne V. Stouder
21
                                       Attorneys for Plaintiff
22                                     THE LINCOLN NATIONAL LIFE
                                       INSURANCE COMPANY
23

24

25

26

27

28

LA01/ 332523.1                              2

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles, CA 90071

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2 **I.    INTRODUCTION**

3         In a transparent attempt to create leverage to force The Lincoln National Life

4 Insurance Company, as successor-in-interest to Jefferson-Pilot Life Insurance

5 Company ("Lincoln"), to dismiss its appeal in a related matter, Plaintiffs Mutual

6 Credit Corporation ("MCC") and Spurling Group II, LLC ("Spurling")(collectively,

7 Plaintiffs) have filed the instant action against Lincoln alleging breach of contract

8 and related claims regarding three $10 million life insurance policies insuring the

9 life of Gordon R.A. Fishman issued by Jefferson-Pilot Life Insurance Company

10 (the "Policies").

11         The three life insurance policies were the subject of a related action captioned

12 as *The Lincoln National Life Ins. Co. v. Gordon R.A. Fishman, et al.*, EDCV07-

13 1338 (C.D.Ca. October 11, 2007)("*Fishman* action"), filed by Lincoln in October

14 2007 naming The Gordon R.A. Fishman Irrevocable Life Trust (the "Trust"),

15 Harvey Schwitzer, as Trustee of The Gordon R.A. Fishman Irrevocable Life Trust,

16 Gordon R.A. Fishman, M.D., Hannareta Fishman, MCC and Spurling as defendants.

17 In that action, Lincoln sought a declaratory judgment concerning its rights and

18 obligations concerning the Policies, specifically whether the Policies were void *ab*

19 *initio* due to a lack of an insurable interest at inception.  On July 13, 2009, the Court

20 granted summary judgment in favor of MCC and Spurling on Lincoln's insurable

21 interest claim.  Even while finding in MCC and Spurling's favor, the Court noted

22 that Defendants "may have found a loophole in the law" and that their "finance

23 program skirts close to the letter, and certainly can be viewed as violating the spirit,

24 of the law." *See* Order denying Plaintiff's Motion to Dismiss and Granting

25 Defendants Mutual Credit Corporation's and Spurling Group II, LLC's Motion for

26 Summary Judgment, attached as Exhibit "A," to Declaration of James S. Bainbridge

27 ("Bainbridge decl.") p. 16.

28

**LAW OFFICES**
DRINKER BIDDLE &
REATH LLP
Los Angeles, CA 90071

1    On July 17, 2009, MCC and Spurling's attorney, Peter Bicks, contacted

2   Lincoln's attorney, Stephen Baker, to inquire as to whether Lincoln was interested

3   in discussing settlement. Lincoln's counsel advised that Lincoln had not had the

4   chance to consider the Court's decision or to confer with Lincoln fully. Later that

5   afternoon MCC and Spurling filed this action, which included a claim for malicious

6   prosecution. On August 11, 2009, Plaintiffs filed their First Amended Complaint

7   ("FAC"), which omitted the claim for malicious prosecution, but is otherwise

8   similar to the original complaint.

9    The FAC should be dismissed in part as follows:

10   • MCC lacks standing to pursue the claims set forth in the FAC;

11   • Claims relating to the *Fishman* action are barred by the litigation
         privilege under California *Civil Code* § 47(b);

12
13   • Spurling, a non-Californian entity, is not permitted to pursue a claim
         under California's Unfair Competition Law inasmuch as it has not
         alleged that any conduct or injuries occurred in California;

14
15   • Spurling is not registered to do business in California and therefore,
         cannot maintain this action; and,

16   • The claims for declaratory relief fail to name an indispensable party
         (i.e., Harvey Schwitzer as Trustee of the Gordon R.A. Fishman
17        Irrevocable Life Insurance Trust).

18   **II.    STATEMENT OF FACTS**

19   The FAC alleges essentially that "[o]n or about October 14, 2005, Lincoln

20  issued three life insurance policies, bearing policy numbers JF5524737, JF5524738

21  and JF5524743, with face values of $10,000,000 each, on the life of Dr. Fishman."

22  (FAC, ¶9). The FAC further alleges that "upon issuance of the Policies, all right,

23  title and interest in the Policies were collaterally assigned to MCC as security for

24  MCC's loans to a trust created to purchase and hold the Policies" and that "[i]n

25  early, 2006, MCC transferred the notes, and, thus, its collateral assignment of the

26  Policies, to Spurling." (FAC, ¶¶ 9 & 13). "To effectuate the transfer of the collateral

27

28

LA01/ 332523. 1                                2

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles, CA 90071

1   assignments to Spurling, on March 2, 2006, MCC released the assignments in the
2   Policies . . ." (FAC, ¶14).

3   "On October 11, 2007, Lincoln filed a lawsuit against, *inter alia,* Dr. Fishman
4   and MCC for a declaratory judgment allowing Lincoln to rescind the Policies (the
5   'Lawsuit'). Lincoln filed a First Amended Complaint on September 9, 2008, adding
6   Spurling as a defendant (the 'Complaint'). The Complaint included two claims: one
7   based on alleged misrepresentations made by Dr. Fishman (the 'First Claim'), and
8   one for the purported lack of an insurable interest in the Policies (the 'Second
9   Claim')."(FAC, ¶18). The FAC alleges that Lincoln initiated the *Fishman* action
10  "without probable cause and in conflict with Lincoln's own policy language."
11  (FAC, ¶1). The FAC also alleges that "Lincoln failed to conduct any reasonable
12  investigation into the claims . . . before bringing its Lawsuit." (FAC, ¶14).

13  The FAC alleges that "[f]aced with a summary judgment motion, Lincoln
14  dismissed its First Claim with prejudice on May 15, 2009."[1] (FAC, ¶24). "On July
15  10, 2009, the Court granted summary judgment on Lincoln's Second Claim in favor
16  of Spurling and MCC . . . ." (FAC, ¶25). Although the FAC does not discuss the
17  Court's summary judgment decision in detail, in the decision the Court noted:

18  - "Despite the its valiant attempt to expose MCC's alleged scheme for
19    the true 'charade' it is, the simple fact remains that the law, as it is
      currently structured, allows for an arrangement as that concocted by
20    MCC.

21  - "All that being said, and despite that the Court finds that the law
      compels that it award summary judgment to defendants, it must be
22    added that MCC's finance program skirts close to the letter, and
      certainly can be viewed as violating the spirit, of the law. Defendants
23    may have found a loophole in the law barring a STOLI finding, but it is
      clear to the Court that this whole arrangement with the Fishmans was
      nothing more than a creative version of the same."
24

25  [1] Contrary to the assertions in the FAC, the misrepresentation claim, based upon
26  purported misrepresentations in the applications for the Policies, was not dismissed as a
    result of the filing of the summary judgment motion, but was dismissed weeks earlier as
27  part of a confidential settlement between the Fishmans and Lincoln. *See* Stipulation of
    Dismissal with Prejudice of Count 1 of Plaintiff's Amended Complaint, Exhibit "B" to
28  Bainbridge decl.
    LA01/ 332523. 1                                    3

1   • "Unfortunately for Lincoln, the law as it presently exists allows this
2     kind of insurance arrangement to be valid.  In such a circumstance, it is
      perhaps best to follow the wisdom expressed long ago by President
3     Ulysses S. Grant, who said that 'the best way to get of a bad law is to
      enforce it.'"

4   *See* Exhibit "A" to Bainbridge decl. pp. 15-17.

5       With respect to the *Fishman* action, MCC and Spurling contend that

6   "Lincoln's actions were malicious and in extreme bad faith in that Lincoln did not:

7   (i) have probable cause for the claims asserted in its complaint, and brought such

8   claims with malice and ill will towards the Defendants."  (FAC, ¶1).

9       The FAC also alleges that as a litigation strategy, on January 14, 2009,

10  Lincoln contended the Policies lapsed for failure to pay the premiums due and

11  owing.  (FAC, ¶1 & 37).  The FAC asserts that, in connection with the lapse,

12  Lincoln failed "to provide Spurling with the requisite contractual and/or statutory

13  notice of a potential lapse" and failed to "properly interpret, calculate or apply its

14  policy language and/or misrepresented that language in a deliberate effort to cause

15  the policies to prematurely lapse."  (FAC, ¶1).  The FAC alleges that, once the

16  Policies lapsed, Lincoln failed "to apply the most recent premium payments in a

17  timely and proper fashion", failed to reinstate the Policies and continues "to deny

18  reinstatement even after the Court granted MCC and Spurling's motion for summary

19  judgment, in which the Court found that there was an insurable interest in the

20  Policies."[2]  (FAC, ¶¶1 & 53).

21  **III.   ARGUMENT**

22      **A.     The Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P.
               12(b)(6)**
23

24      Rule 12(b)(6) permits dismissal either where a claim lacks a cognizable legal

25  theory, or where insufficient facts are alleged to support a legal theory.  *Robertson v.*

26

27      [2] MCC and Spurling have stipulated to the dismissal of all allegations and claims in
    the FAC that purport to seek reinstatement of the Policies.  These include all references to
28  and requests for reinstatement contained in paragraphs 48, 53, 66 and paragraphs 1 and 2
    of the WHEREFORE clause.
    LA01/ 332523. 1                                          4

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles, CA 90071

1   *Dean Witter Reynolds, Inc.,* 749 F.2d 530 (9th Cir. 1984). Although a complaint

2   need not provide detailed factual allegations to survive a 12(b)(6) motion, a plaintiff

3   must allege "more than labels and conclusions" or a "formulaic recitation of the

4   elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-

5   65 (2007). Instead, the complaint must set out factual allegations which, when taken

6   as true, would give rise to a right to relief. *Id.* at 1965. Dismissal under Rule

7   12(b)(6) is proper if a claim is vague, conclusory, and fails to set forth any material

8   facts in support of the allegation. *See North Star Int'l v. Arizona Corp. Comm'n,* 720

9   F.2d 578, 583 (9th Cir. 1983). Moreover, a court may not resort to liberal

10  interpretation to "supply essential elements of the claim that were not initially pled."

11  *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

12

### 1. MCC Does Not Have Standing To Assert The Claims In The FAC

13

14        Under the California Code of Civil Procedure, "Persons have standing to sue

15  when they are real parties in interest." (*Code Civ. Proc.* § 367). "The plaintiff in a

16  suit upon a chose in action, to qualify as the real party in interest, must have such a

17  title thereto that a judgment against the defendant will protect the latter from future

18  annoyance or loss." *Greco v. Oregon Mut. Fire Ins. Co.*, 191 Cal. App. 2d 674, 687,

19  12 Cal. Rptr. 802, 809 (Cal. Ct. App. 1961). "A real party in interest ordinarily is

20  defined as the person possessing the right sued upon by reason of the substantive

21  law." *Personnel Com. v. Barstow Unified School Dist.,* 43 Cal. App. 4th 871, 878

22  (Cal. Ct. App. 1996) quoting *Killian v. Millard,* 228 Cal. App. 3d 1601, 1605, 279

23  Cal. Rptr. 877, 878 (Cal. Ct. App. 1991). Here, MCC has no title or interest in the

24  Policies during the relevant time period and is therefore, does not possess the right

25  to bring the claims asserted in the FAC. Indeed, no obligations or duties are owed to

26  MCC by Lincoln.

27        In this case, Lincoln issued the Policies to the Gordon R.A. Fishman

28  Irrevocable Life Trust. MCC purportedly loaned the money to the Trust to pay

LA01/ 332523. 1

5

1   premiums, and obtained an interest as a collateral assignee. However, on

2   March 2, 2006, MCC assigned that interest to Spurling. (FAC, ¶14). As of that date,

3   any relationship between Lincoln and MCC with respect to the Policies ceased

4   to exist.[3]

5   Indeed, under the allegations of the FAC, to the extent it ever possessed an

6   interest in the Policies, "[i]n early, 2006, MCC transferred the notes, and, thus, its

7   collateral assignment of the Policies, to Spurling." (FAC, 9 & 13). Moreover, the

8   FAC alleges that "[t]o effectuate the transfer of the collateral assignments to

9   Spurling, on March 2, 2006, MCC released the assignments in the Policies . . . ."

10   (FAC, ¶14). Since the FAC alleges that all of the activities that form the basis of the

11   claims asserted by MCC first occurred in October 2007, over a year and a half after

12   MCC relinquished any interest in the Policies, MCC is without legal or equitable

13   interest in the claims sued upon.

14   Consequently, all purported claims asserted by MCC should be dismissed

15   with prejudice based upon the failure to state a claim.

16        **2.     Count Four Should Be Dismissed For Failure To State A**
              **Claim Upon Which Relief Can Be Granted Inasmuch As The**

17              **Claims Asserted In Count Four Are Barred By The**
              **Litigation Privilege Under California Civil Code § 47(b)**

18

19   Count Four of the FAC purports to set forth a cause of action for the breach of

20   the implied covenant of good faith and fair dealing based upon Lincoln's pursuit of

21   the "declaratory judgment action against Dr. Fishman, MCC and Spurling." (FAC,

22   ¶70). While such a covenant is implied in every contract, when it is the conduct of

23   an insurer that is at issue, the action is deemed to be one in tort. Indeed, California

24   law is well-settled that "[a]n insurer's breach of the implied covenant of good faith

25

26

27       [3] Lincoln named MCC as a defendant in the *Fishman* lawsuit because Lincoln
maintained that MCC was the true applicant for the Policies and that the "loan" transaction

28   was a sham. MCC's filing of the instant breach of contract action reveals MCC's defense
for the sham that it was.
LA01/ 332523. 1

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles, CA 90071

1   and fair dealing 'will provide the basis for an action in tort.'" *PPG Indus. v.*
2   *Transamerica Ins. Co.,* 20 Cal. 4th 310, 315 (Cal. 1999) quoting *Foley v. Interactive*
3   *Data Corp.,* 47 Cal. 3d 654, 684 (1988). Furthermore, even a cursory review of the
4   damages purportedly suffered by MCC and Spurling as a result of Lincoln's
5   purported breach of this covenant are damages compensable in a tort action, not a
6   contract action. (FAC, ¶72). Indeed, the damages sought by MCC and Spurling
7   include attorneys fees, and to Plaintiffs' "reputation and good will." Such damages
8   are not recoverable by any contract between the parties, but are damages sounding
9   in tort for purported conduct Lincoln engaged in pursuing the *Fishman* action.

10  However, "[t]he California Supreme Court held that the only tort claim that
11  can be based on **litigation conduct or the filing of litigation** is a claim for
12  malicious prosecution." *White v. Allstate Ins. Co.,* 1996 U.S. App. LEXIS 27462, at
13  *2-3, (9th Cir. Cal. Oct. 18, 1996) citing *Silberg v. Anderson,* 50 Cal. 3d 205, 216,
14  266 Cal. Rptr. 638, 786 P.2d 365 (1990)(emphasis added). "The privilege is
15  absolute, and is not affected by malice or other bad motive of the speaker." *Id.*
16  At *15.

17  Directly on point is the case of *White v. Allstate Ins. Co., supra.* In *White,* an
18  insured filed suit against an insurer for, *inter alia,* bad faith and breach of the
19  implied covenant of good faith and fair dealing arising out of a subrogation claim
20  filed by an insurer against the insured. The Ninth Circuit held that the district
21  court's dismissal of the claims for bad faith and breach of the implied covenant of
22  good faith and fair dealing were proper as Cal. *Civ. Code* § 47(b) absolutely barred
23  any action against the insurer for pursuing the subrogation action save a claim for
24  malicious prosecution. *Id.*

25  *Civil Code* § 47(b) provides, "A privileged publication or broadcast is one
26  made . . . 2. in any (1) legislative or (2) judicial proceeding, . . ." Cal. Civ. Code
27  § 47(b). "Although originally restricted to defamation actions, the privilege is now
28

LA01/ 332523. 1

7

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles, CA 90071

1  applied to all torts except malicious prosecution." *White,* 1996 U.S. App. LEXIS
2  27462 at *14-5. Relying on *Silberg,* the White court further held that:

3      *Silberg* explained that the absolute privilege for communications
        made in the course of judicial proceedings must satisfy four
4      criteria. The communication must be (1) made in judicial or quasi-
        judicial proceedings; (2) by litigants or other participants
5      authorized by law; (3) to achieve the object of the litigation; and
        (4) bear some connection or logical relation to the action. 50 Cal.
6      3d at 212. "Further, [the privilege] applies to any publication
        required or permitted by law in the course of a judicial proceeding
7      to achieve the objects of the litigation, even though the publication
        is made outside the courtroom and no function of the court or its
8      officers is involved. Id. (citations omitted). **This would include
        the filing of a lawsuit.**
9
10     *White,* 1996 U.S. App. LEXIS 27462 at *15-6 (emphasis added).

11         Much, if not all, of the conduct alleged in Count Four relates to the *Fishman*
12  action. In particular, MCC alleges:

13     Lincoln has breached its duty of good faith and fair dealing by:

14     A.   Pursing a declaratory judgment action against Dr. Fishman, MCC and
            Spurling without proper cause for disputing the validity of the Policies
15          and based upon a willfully misguided and outright false interpretation
            of the Policies;

16     B.   Failing to conduct any reasonable investigation into the alleged claims
17          in the Lawsuit and conducting a biased investigation intended to target
            MCC and the premium finance industry; and,

18     C.   Pursuing patently unreasonable litigation and litigation tactics to avoid
19          payment of claims and to unfairly target and attack the premium
            finance industry;

20  (FAC, ¶ 70). All of these purported "breaches" by Lincoln involved litigation
21  conduct allegedly engaged in during its prosecution of the *Fishman* action. While
22  they may be the subject of a malicious prosecution claim[4], they may not be the basis
23  for any other claim, including a claim for the breach of the implied covenant of good
24  faith and fair dealing. Consequently, Count Four should be dismissed, in whole or
25  in part, with prejudice.
26
27  _____
28  [4] Because the *Fishman* decision is on appeal, there can be no action for malicious
    prosecution.

LA01/ 332523. 1                                    8

3.   **Count Five Must Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted Inasmuch As The Claims Asserted In Count Five Are Barred By The Litigation Privilege Under California Civil Code § 47(b)**

In Count Five, Plaintiffs allege that Lincoln engaged in unlawful, unfair and fraudulent business action in violation of California's Unfair Competition Law ("UCL"), California *Bus. & Prof. Code* § 17200 *et seq*. The alleged conduct that forms the basis for this conduct is not set forth specifically in Count Five, but reference is made to the preceding allegations. These allegations, however, consist of protected litigation conduct on the part of Lincoln and such actions or inactions can not form the basis for a UCL claim.

Indeed, the claim under the UCL purports to be based upon conduct associated with the prosecution of the *Fishman* action, thus, this claim is barred under Cal. *Civ. Code* § 47(b). *See Taylor v. Quall,* 458 F. Supp.2d 1065 (C.D. Cal. 2006)(dismissing debtor's claims under the UCL as the claims were barred by the litigation privilege under Cal. *Civ. Code* § 47(b) because all of the allegedly wrongful debt collection practices occurred in context of litigation); *People ex rel. Gallegos v. The Pacific Lumber Co.,* 2008 Cal. App. LEXIS 32 (Cal. Ct. App. 2008)(holding that "[l]itigation privilege under [Cal. *Civ. Code* § 47(b)] barred an action brought by the state against a lumber company in which the state alleged the company violated the unfair competition law, B & P C § 17200 et seq., by submitting a report containing false data in order to obtain approval for an increased rate of timber harvesting and to ensure decreased environmental mitigation requirements").

Thus, to the extent the underlying allegations giving rise to the UCL claim constitute protected litigation conduct, Count Five must be dismissed.

/ / /

/ / /

LA01/ 332523. 1

9

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles, CA 90071

4.   **Count Five Must Be Dismissed As It Pertains To Spurling For Failure To State A Claim Upon Which Relief Can Be Granted Inasmuch As Spurling Is Not Permitted To File Suit Under California's Unfair Competition Law**

It is well-settled that the UCL does not support claims by non-California residents where none of the alleged misconduct or injuries occurred in California. *See Norwest Mortgage, Inc. v. Superior Court,* 72 Cal. App. 4th 214, 222, 85 Cal. Rptr. 2d 18 (1999). Non-California residents have a right of action in California under California statutes only where "out-of-state parties [are] harmed by wrongful conduct occurring in California." *Speyer v. Avis Rent a Car Sys.,* 415 F. Supp. 2d 1090, 1097 (S.D. Cal. 2005) citing *Diamond Multimedia Systems, Inc. v. Superior Court,* 19 Cal.4th 1036, 1063-64, 80 Cal. Rptr. 2d 828, 968 P.2d 539 (1999). Courts have applied this standard strictly, holding that the allegedly wrongful conduct itself, beyond activities which are simply related to or assisting in the wrongful conduct, must occur in California. *See, e.g., Standfacts Credit Servs., Inc. v. Experian Info. Solutions, Inc.,* 405 F. Supp. 2d 1141, 1147-48 (C.D. Cal. 2005) (holding that alleged acts which took place in California in furtherance of a conspiracy were insufficient to state a UCL claim where accused conspirators owed no duty to the plaintiffs under California law).

Here, Spurling, alleged to be a Delaware entity with a Texas address, is not a resident or citizen of California. Thus, in order for it to avail itself of the UCL, it must allege that the misconduct complained of occurred in California. However, the only activity it alleges occurred in California pertains to protected litigation conduct and activities associated with the prosecution of the *Fishman* action. Nowhere in the FAC does Spurling allege that any of the purported activities concerning any other purported activity that may give rise to a UCL claim occurred in California. To the contrary, the FAC is notably silent as to where the purported unfair business practices took place. Thus, this failure to allege that this activity occurred in

1   California is fatal to Spurling's claim under the UCL and same should be

2   dismissed accordingly.

3       5.    **All Claims Asserted By Spurling Must Be Dismissed As**
              **Spurling Has Failed To Allege That It Has The Capacity To**
4             **Sue In California**

5       Under the Federal Rules of Civil Procedure, "[t]he capacity of a corporation

6   to sue or be sued shall be determined by the law under which it was organized. In

7   all other cases capacity to sue or be sued shall be determined by the law of the state

8   in which the district court is held[.]" Fed. R. Civ, P. 17(b) (emphasis added). Since

9   Spurling purports to be a limited liability company, its capacity to sue must be

10  determined under California law. *Id.*

11      Here, the FAC alleges that Spurling is "an entity existing under the laws of

12  Delaware." (FAC, ¶ 3). Thus, it is a foreign limited liability company. Under

13  California law, foreign limited liability companies must be registered in California

14  to maintain an action. Cal. *Corp. Code* § 17456(a) ("A foreign limited liability

15  company transacting intrastate business in [California] shall not maintain any action,

16  suit, or proceeding ... until it has registered in this state.")(emphasis added). Given

17  that the FAC fails to allege that Spurling is registered or even qualified to do

18  business in California, it is mot permitted to maintain the instant action.[5] *See Albers*

19  *v. Guthy-Renker Corp.,* 92 Fed. Appx. 497, 500 (9th Cir. 2004) (holding that

20  because the members of an LLC did not allege in their complaint that the company

21  was registered with the California, pursuant to Cal. *Corp. Code* § 17456(a), the

22  company could not maintain an action in California's courts).

23      Consequently, because Spurling does not allege that it is registered to do

24  business in California, all of its claims must be dismissed for lack of capacity to

25  maintain this action.

26  _____

27      [5] Indeed, a search of the California Secretary of State's Businesss Entities Records
    reveals that Spurling is **not** registered to do business in California. (*See* Exh. "C" to
28  Bainbridge decl.).
    LA01/ 332525. 1                                    11

### 6. The Declaratory Judgment Claim Must Be Dismissed For Failure To Name The Trust As A Party

Count Three of the FAC seeks a judicial declaration of the rights and obligations of the parties under the Policies. However, the Court can not determine the rights and obligations under the Policies inasmuch as the FAC fails to name a necessary party, the Trust, to the action.

Federal Rule of Civil Procedure Rule 19(a) states that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties.

Fed. R. Civ. P. 19(a).

It is axiomatic that the Court cannot accord complete relief, or determine the rights an obligations, under the Policies without the owner of the policies, the Trust, as a party. Indeed, the Trust is the only other party to the insurance contracts for which MCC and Spurling purport to have the rights an obligations under determined by the Court. However, the MCC and Spurling have not named the Trust as a party. Therefore, the Court should dismiss Count Three.

## IV.   CONCLUSION

For the reasons outlined above, Plaintiff respectfully requests that this Court grant its motion to dismiss.

Dated: October 13, 2009

DRINKER BIDDLE & REATH LLP

By: _____

William A. Hanssen
Suzanne V. Stouder

Attorneys for Plaintiff
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

LA01/ 332523. 1

12